IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KRIS E. BLEVENS and wife,
LINDA BLEVENS                                                                                        PLAINTIFFS

v.                                     Case No. 3:11-cv-126-KGB

BEMIS COMPANY, INC.;
HAYSSEN MANUFACTURING COMPANY (HMC);
and HAYCO LIQUIDATING COMPANY, INC.                                                    DEFENDANTS

BEMIS COMPANY, INC.; and
HAYCO LIQUIDATION COMPANY
f/k/a HAYSSEN MANUFACTURING COMPANY                                         COUNTER-CLAIMANTS

v.

CUSTOM-PAK INC.                                              INTERVENOR/COUNTER-DEFENDANT

## OPINION AND ORDER

Before the Court is a motion to dismiss counterclaim filed by Counter-Defendant Custom-Pak, Inc. (Dkt. No. 79). Counter-Claimants Bemis Company, Inc. ("Bemis"), and Hayco Liqudation Company f/k/a Hayssen Manufacturing Company ("Hayco") responded (Dkt. No. 80). For the following reasons, Custom-Pak's motion to dismiss is granted.

**I.      Background**

This case involves an accident that occurred at Custom-Pak on June 8, 2010, in which plaintiff Kris Blevens, an employee of Custom-Pak, was injured while operating a blow molding machine. The machine was allegedly manufactured by Hayssen Manufacturing Company, predecessor in interest to Hayco (Dkt. No. 37). Mr. Blevens filed a worker's compensation claim against Custom-Pak as a result of his injury. Mr. Blevens then filed this lawsuit against Bemis and Hayco asserting tort claims, including but not limited to negligence and claims under

the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101 *et seq*. (Dkt. No. 1, at 23, and 37).

On March 19, 2012, Custom-Pak intervened in this suit, claiming a worker's compensation lien on any eventual judgment obtained in the case (Dkt. No. 54). Bemis and Hayco filed a counterclaim against Custom-Pak alleging that Custom-Pak was solely responsible for Mr. Blevens's injuries as a result of certain actions and omissions, including but not limited to altering significantly the machine system and modifying and adding component parts obtained from outside vendors to the machine system prior to Mr. Blevens's injury (Dkt. No. 71). Custom-Pak now files a motion to dismiss the counterclaim.

**II.     Analysis**

Bemis and Hayco seek in their counterclaim to hold Custom-Pak liable for its alleged negligence, to apportion its *pro-rata* share of liability should it be found liable, and to require Custom-Pak to indemnify Bemis and Hayco for any judgment that may be entered against them (Dkt. No. 71). In its motion to dismiss, Custom-Pak asserts that it is immune from liability for damages in a tort action pursuant to the exclusive remedy provision of the Arkansas Workers' Compensation Act, Ark. Code Ann. § 11-9-105, and for this reason has no responsibility to indemnify Bemis and Hayco. Custom-Pak relies on *Robertson v. Norton Co.*, 148 F.3d 905 (8th Cir. 1998).

Bemis and Hayco contend that Custom-Pak "cannot have it both ways" (Dkt. No. 80, at 2). They cite to the Court language in Custom-Pak's intervention filing, claiming Custom-Pak alleges in that filing that Mr. Blevens's injury was caused solely by the negligence of Bemis and Hayco and that Custom-Pak requested in that filing to "participate fully" in this lawsuit as a party-plaintiff (Dkt. No. 54).

### A. The Exclusivity Provision

Custom-Pak relies on *Robertson*, 148 F.3d at 905, as support for its motion to dismiss. Robertson, a grinder operator, sued the manufacturer and distributor of a grinding wheel that exploded, alleging a manufacturing defect and inadequate warning. The manufacturer and distributor contended at trial that the negligence of Robertson's employer was an intervening sole proximate cause of his damages. *Id*. at 908. The district court instructed the jury on intervening cause, but the district court refused defendants' request to include Robertson's employer in its comparative fault interrogatory to the jury. *Id*. The case involved the workers' compensation situation with which this Court is presented.

The Eighth Circuit Court of Appeals examined the nature of the Arkansas Workers Compensation Act and observed "the employer's immunity from direct action by the injured employee bars the third party tortfeasor from asserting a contribution claim based upon the employer's negligence." *Id*. at 909 (citing *W.M. Bashlin Co. v. Smith*, 277 Ark. 406, 643 S.W.2d 526, 534 (1982); *C&L Rural Elec. Co-op Corp. v. Kincaid*, 221 Ark. 450, 256 S.W.2d 337, 340-41 (1953)). The Court held that the district court did not abuse its discretion in refusing to include Roberton's employer as a "phantom party in the comparative fault instruction." *Id.* at 909.

The exclusivity provision of the Arkansas Workers Compensation Act has not changed in substance since *Robertson* was decided. *See* Ark. Code Ann. § 11-9-105. That provision states in pertinent part:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or

> death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer or employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. Code Ann. § 11-9-105(a). The plain language of this provision bars Bemis and Hayco's counterclaim, unless the Court finds waiver, as Bemis and Hayco urge the Court to do.

### B.   Waiver and the Doctrine of Inconsistent Positions

Bemis and Hayco argue that Custom-Pack waived any entitlement to immunity from suit and judgment under the exclusive remedy provision of the Arkansas Workers' Compensation Act by intervening in this matter and stating factual allegations of negligence against Bemis and Hayco (Dkt. No. 54). They claim that "Custom-Pak injected itself into the ultimate fault determination by affirmatively claiming that Bemis and Hayco, not Custom-Pak, are 100 percent responsible for [Mr.] Blevens's injuries" (Dkt. No. 80, at 6). They contend that "[b]y asking the fact finder to make a fault determination against Bemis and Hayco, Custom-Pak invited a Counterclaim and a defense" (Dkt. No. 80, at 6).

As an alternative to waiver, Bemis and Hayco contend that the doctrine of inconsistent positions acts to bar any attempt by Custom-Pak to lay behind workers' compensation immunity in this case. They claim under the doctrine that "[a] party litigant is bound by his pleadings and the allegations therein and cannot maintain a position inconsistent therewith" (Dkt. No. 80, at 6). They assert that "Custom-Pak should not be permitted to argue, on the one hand, that [Mr.] Blevens's injuries were caused solely by Bemis and Hayco, while arguing, on the other hand, that Bemis and Hayco were not allowed to defend themselves by way of a Counterclaim in this case" (Dkt. No. 80, at 6).

The Court rejects Bemis and Hayco's arguments on these points. The Court finds no waiver based on Custom-Pak's filing of the complaint in intervention and finds no waiver or inconsistency based on the positions advanced by Custom-Pak to date in this matter. Custom-Pak may intervene to enforce its lien as a matter of statutory right. Ark. Code Ann. § 11-9-401. Arkansas law makes clear that the intervention must be timely for the lien to be enforceable. *See, e.g.*, *Northwest Ark. Area Agency on Aging v. Golmon*, 15 S.W.3d 363 (Ark. Ct. App. 2000).

The complaint in intervention consists of eight numbered paragraphs and a "wherefore" clause. Paragraph seven states: "The injury suffered by Mr. Blevens was directly and proximately caused by the negligence of the defendants in this matter" (Dkt. No. 54, at 2). The "wherefore" clause includes the following language "Custom-Pak, Inc., prays that it be allowed to intervene in this action and participate fully therein, that it have a two-thirds first lien upon any and all proceeds of the Plaintiff's action against Defendants. . . ." (Dkt. No. 54, at 2). Custom-Pak asserts only its lien in its complaint in intervention, no separate cause of action against Bemis and Hayco. From the face of the complaint in intervention, it seeks only to recover on its lien, not on any other theory advanced.

For these reasons, the Court grants Custom-Pak's motion to dismiss the counterclaim.

### C.  Relevant Evidence and Apportionment

This Court acknowledges the changes in Arkansas law as a result of the Arkansas Civil Justice Reform Act and concedes that these issues were not before the district court or the Eighth Circuit Court of Appeals when *Robertson* was decided. Bemis and Hayco contend that, to seek an apportionment of fault before the jury, Bemis and Hayco need a procedural mechanism that allows them to plead over against Custom-Pak and cite what they characterize as an "apportionment gap" under Arkansas law (Dtk. No. 80, at 2-3).

Bemis and Hayco contend that they are not seeking to add a nonparty to this case for purposes of apportionment, arguing that Custom-Pak is already a party to the case and has made specific allegations directly against Bemis and Hayco. Bemis and Hayco contend that, because it is already a party to this case, Custom-Pak will not be prejudiced defending against Bemis and Hayco's counterclaim, even if it is judgment proof at the end of the day (Dkt. No. 54). For the reasons previously explained, this Court dismisses the counterclaim against Custom-Pak.

Bemis and Hayco assert that, without a verdict form asking the jury to apportion fault among the named parties, Bemis and Hayco will face the prospect of paying more than their fair share of damages and, thus, will be denied their substantive right to a several judgment under Arkansas law. They suggest that this Court has "the power to plug the procedural hole left after the Arkansas Supreme Court's decision in *Johnson v. Rockwell* by fashioning a procedure that protects Bemis and Hayco's right to a several judgment in this case" (Dkt. No. 80 at 6-7). In support of this argument, Bemis and Hayco cite Rule 83(b) of the Federal Rules of Civil Procedure for the proposition that this Court is empowered with discretion to create a procedure in this situation where there is "no established procedure to address the substantive rights of the parties" (Dkt. No. 80 at 7). They advocate that "[s]uch a procedure should, at a minimum, allow Bemis and Hayco to present proof of Custom-Pack's actions and omissions at trial and present the jury with a verdict form calling for an apportionment between Mr. Blevens, Bemis, Hayco, and Custom-Pak" (Dkt. 80, at 7). Bemis and Hayco contend that a dismissal of their counterclaim against Custom-Pak without creating an alternative mechanism to address their substantive rights under Arkansas law would result in an unconstitutional denial of Bemis and Hayco's substantive and procedural due process rights.

As an initial matter, the Court makes clear that evidence of Custom-Pak's alleged conduct may still be relevant at trial, even without a counterclaim pending against Custom-Pak. The parties have not moved to exclude such evidence, and that issue is not before the Court. The Court notes that *Robertson* and other Arkansas cases discuss an employer's alleged acts and omissions in cases like this in the context of whether such conduct amounts to an intervening proximate cause. *See, e.g.*, *Robertson*, 148 F.3d at 910; *Cowart v. Casey Jones, Contractor, Inc.*, 467 S.W.2d 710 (Ark. 1971).

This Court understands Bemis and Hayco's papers to raise broader questions about apportionment, jury instructions, and verdict forms. Given the procedural posture of this case and based on recent decisions of the Supreme Court of Arkansas, specifically *Proassurance Indemnity Co. v. Metheny*, 2012 Ark. 461, and *St. Vincent Infirmary Medical Center v. Shelton*, 2013 Ark. 38, the Court takes these issues under advisement. The parties may submit briefs on these issues at any point during the litigation, and, as the litigation advances, the Court may call upon the parties to brief these issues prior to trial.

\* \* \*

For these reasons, Custom-Pak's motion to dismiss the counterclaim is granted (Dkt. No. 79).

SO ORDERED this the 27th day of March, 2013.

*[signature: Kristine G. Baker]*
Kristine G. Baker
United States District Judge